# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CHRISTOPHER HARVEY, a/k/a "Toot"**                                  **MOVANT**

v.                                                 **No. 2:04cr29-MPM**

**UNITED STATES OF AMERICA**                                            **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Christopher Harvey, a federal prisoner at the time he initiated this action, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion. This matter is ripe for review. Having considered the pleadings and the record, including the relevant parts of Harvey's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the motion should be denied.

## Background Facts and Procedural History

Christopher Harvey, a/k/a "Toot," was indicted on February 26, 2004, by a grand jury for the Northern District of Mississippi on several counts of possessing with intent to distribute a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). On June 2, 2004, Harvey pleaded guilty to Count

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

Two of the indictment, which charged that he did, in the Northern District of Mississippi, knowingly distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). Harvey was sentenced to a term of imprisonment of 151 months.

Harvey timely appealed, arguing that the Court enhanced his sentence under United States Sentencing Guideline § 4B1.1 based on his career offender status in violation of *United States v. Booker*, 543 U.S. 220 (2005). The Fifth Circuit vacated Harvey's sentence and remanded for resentencing. Resentencing proceedings were held, and on October 11, 2006, the Court entered an amended judgment, sentencing Harvey to a term of imprisonment of 151 months as to Count Two of the indictment, followed by three years of supervised release, a $100 special assessment, and ineligibility for all federal benefits for a period of 5 years ending October 8, 2009. (ECF No. 43).

Harvey filed the instant motion on May 10, 2012, asserting that the "Admiralty Court has convicted me without Subject-Matter of the action or the class of cases. By the use of fraud and deceit.") (ECF No. 44, 2). He subsequently filed a supplement on May 21, 2012, alleging that the "conviction was obtained by an . . . indictment that was not sufficient in law to charge a offense against the United States and failed to inform the petitioner of the nature of the accusation within [the] meaning of the VI Amendment[.]" (ECF No. 45).

## Legal Standard

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S. C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose

2

the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

A motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**Discussion**

In his motions, Harvey does not mention the one-year limitation period. His claims do not fit within the exceptions of § 2255(f)(2)-(4). Thus, the limitation period began running pursuant to § 2255(f)(1) when Harvey's judgment of conviction became final after resentencing and the Court's entry of amended judgment, which occurred on October 11, 2006. (*See* ECF No.

43). Therefore, in order for Harvey's motion to be timely, it must have been filed by October 11, 2007. Because Harvey did not file his motion until May 10, 2012, the motion is barred by the one-year limitation period.

Because the limitation period in § 2255 is not jurisdictional, it is subject to equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citation omitted). Equitable tolling is permissible, however, only in "rare and exceptional circumstances." *Id.* (citation omitted). In order to establish that equitable tolling is appropriate, the petitioning party must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." *Id*. at 365 (citation and internal quotations omitted). A petitioning party's "lack of legal training, ignorance of the law, and unfamiliarity with the legal process" are insufficient reasons to warrant equitable tolling. *Id*. at 365-66 (citations omitted).

Harvey has not attempted to show that he has diligently pursued his rights or that extraordinary circumstances impeded the filing of his § 2255 motion. Therefore, equitable tolling is not appropriate under the circumstances presented here. Additionally, the Court finds that Harvey could have raised his claims on direct appeal and did not, thereby preventing him from now raising the issues in the instant motion. *See United States v. Scruggs*, 691 F.3d 660, 666 (2012) (holding that if a movant "failed to raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent").

Regardless, the Court also finds that Harvey's claims are without merit. The subject matter jurisdiction of the district courts extends to "all crimes cognizable under the authority of the United States." *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (internal quotation

marks and citation omitted). "[A] federal district court plainly possesses subject matter jurisdiction over drug cases. . . . Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." *Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999) (cited with approval in *United States v. Scruggs*, 691 F.3d 660, 668 n.17 (5th Cir. 2012)).

The Fifth Circuit has held that "[t]o confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the Untied States in language similar to that used by the relevant statute." *Scruggs*, 691 F.3d at 668. Harvey pleaded guilty to Count Two of the indictment, which charged a felony in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and tracked the statutory language. The Court had venue and subject matter jurisdiction over the indicted drug charges. (*See* ECF No. 1).

The Court notes that Harvey argues that he is not a "corporate citizen of the U.S." and is "not subject to its exclusive political jurisdiction." (ECF No. 53, 2-3). However, attached as an exhibit to his pleading is his birth certificate showing that he was born in Jackson, Mississippi, and is, in fact, an United States citizen. (*Id.*, Ex. A).

In sum, the Court determines that Harvey's § 2255 motion is untimely, and that his claims are otherwise without merit.

## Certificate of Appealability

Although Harvey has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional

5

right." 28 U.S.C. § 2253(c)(2). The Court finds that Harvey has not made such a showing, and a COA will not issue in this case.

## Conclusion

Harvey is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence, as supplemented, is **DENIED**. A certificate of appealability from this decision is **DENIED**. All pending motions are **DISMISSED AS MOOT**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 11th day of July, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**